United States District Court
Southern District of Illinois

SCANNED at MENARD and E-mailed
11-30-23 by JC 51 pages
Date       initials   No.

23-3809-SPM

KENIN LUNDY
( Plaintiff

CASE NO. _____

V.

WEXFORD HEALTH SOURCES, INC.,
A. CRAIN, IDOC, JOHN DOE
LAWRENCE, KUHNERT, WILLS,
TOURVILLE, SNELL, MCKAYLA

DEFENDANTS

1983 U.S.C. 42 Complaint

_____

Plaintiff: KENIN LUNDY # R-21613   P.O. BOX 1000
MENARD, ILL. 62259 — MENARD CORRECTIONAL CENTER

(1.)

Defendants:

A.) Wexford — Medical Provider

B.) A. Crain — Health Care und Administrative - HCUA

C.) IDOC — Illinois Dept. of Corrections

D.) John Doe — Placement officer from 3/3/22 - 3/18/22

E.) Lawrence — ADA - Coordinator

F.) Kuhnert — ADA - Coordinator

G.) Wills — Acting Warden

H.) Tourville — Major/officer

I.) Snell — LT. / officer

J.) McKayla — Officer

## Grievance Process

Plaintiff filed Grievances: Exhausted All His Available Remedies

(2.)

Previous Lawsuits

(3.)

Statement of claim:

# CLAIM #1   ADA Violation

1.) Plaintiff Suffers from A DEBILITATING MEDICAL Condition That The Wexford Run & Staffed HEALTH CARE unit (HCU) DIAGNOSED Him With This DISABILITY & To AccomoDate His DISABILITY The Nurse Practitioner PRESCRIBED Him A Low Bunk LOW GALLERY PERMIT SO THAT HE WoulDN'T HAVE To Attempt To Get up on The Top Bunk & Risk falling Down & Hurting Himself.

2.) THE Bunk BEDS iN MENARD & Thruout IDOC Don't Have LADDERS oR Steps iN WHICH A PERSON CAN uSE To Help in His Trying To Get up on To THE Top Bunk & its This Reason That Plaintiff WAS PROVIDED With THE MEDICAL PERMIT foR Low GALLERY & Low Bunk BECAUSE HE HAD HuRt His Back, SHOULDER, HEAD & HAD A foot iNJuRy AS WELL & They Knew That He WoulDN't Be ABLE To Get up onto The Top Bunk WITH THESE iNJuRies

(5.)

/SERIOUS MEDICAL ISSUES & DISABILITY.

3.) THE WEXFORD RUN & STAFFED HCU WERE PUT ON NOTICE ABOUT PLAINTIFFS DISABILITY SINCE AT LEAST 2019 WHEN HE HURT HIS BACK, HEAD & SHOULDER AFTER FALLING IN HIS CELL WHEN HE SLIPPED.

4.) SINCE THAT INCIDENT PLAINTIFF WAS SEEN BY NURSE PRACTITIONER IN MARCH OF 2022 & IT WAS AT THAT TIME THAT HE WAS PRESCRIBED THE MEDICAL PERMIT TO ACCOMODATE HIS DISABILITY & THIS PERMIT WAS DESIGNED TO ENSURE THAT PLAINTIFF BE PROVIDED WITH A LOW GALLERY CELL & A LOW BUNK (BOTTOM BUNK) WITHIN THIS CELL.

5.) THIS MEDICAL PERMIT WAS A MEDICAL TREATMENT ALSO, SO IF IT WASN'T HONORED BY PLACEMENT OR SECURITY THEN THIS WAS A VIOLATION TO THE AMERICAN'S WITH DISABILITIES ACT BECAUSE THIS STOPPED HIS DISABILITY FROM BEING ACCOMODATED & IT INTERFERED WITH HIS MEDICAL CARE & TREATMENT AS WELL.

6.) PLAINTIFF WAS PLACED IN A CELL THAT WAS ALREADY OCCUPIED WITH ANOTHER INMATE WHO

(6.)

ALSO HAD A MEDICAL PERMIT FOR A LOW GALLERY LOW BUNK (LARRY PRICE) = AS A DIRECT RESULT OF THIS SITUATION PLAINTIFF'S DISABILITY WASN'T ACCOMODATED = HE WAS FORCED TO TRY TO CLIMB UP ONTO THE TOP BUNK WHERE HE FELL TWICE = HURT HIS BACK, SHOULDERS, HEAD = FEET.

7.) PLAINTIFF HAD HIS FAMILY CALL THE WARDEN (WILLS) = PUT HIM ON NOTICE THAT HE WAS BEING DELIBERATELY DENIED ADA ACCOMODATION FOR HIS DISABILITY = THIS DEFENDANT DID NOTHING TO FIX OR RESOLVE PLAINTIFF BEING DENIED ADA ACCOMODATIONS. (EXHIBIT-A)

8.) MENARD HAS A PROCESS THAT THEY FOLLOW WHEN THE HCU/MEDICAL STAFF ISSUES A MEDICAL PERMIT THEY HAVE THE INMATE SIGN THE PERMIT FIRST = DATE IT = THEY TAKE THE WHITE COPY WHICH IS THE FIRST OR FRONT PAGE = THEY GIVE THE INMATE THE YELLOW COPY SO HE'LL HAVE A COPY TO SHOW IF HE'S ASKED TO SHOW IT.

9.) A COPY OF THE PERMIT IS GIVEN TO THE CELL HOUSE SO THEY'LL HAVE A COPY ON FILE, A COPY OF THE PERMIT IS GIVEN TO PLACEMENT (JOHN DOE), THE DIRECTOR OF NURSING (D.O.N. SECRETARY) SECRETARY, A

(7.)

Copy of the permit is placed into the plaintiffs medical file/records; given or placed into the computer/or on file with the "Offender Tracking System" "OTS".

10.) These copies of his medical permit showed that plaintiff had been issued a low gallery, low bunk medical permit on 3/3/22; that fact was confirmed by the memorandum dated 3/27/23 by Angela Crain (Exhibit-B), & the copy of his medical record dated 3/3/22 (Exhibit-C) & his grievance officers response for grievance # 214-5-22. (Exhibits-D)

11.) Defendants were put on notice that plaintiff had a medical condition/issue so serious that it required him being provided with a medical permit... which is a prescribed course of treatment & these defendants knew from the exhibits & from his multiple letters to the ADA coordinator Frank Lawrence & Joleen Kuhnert (Exhibit-E-F-G) that plaintiff had this disability & they left him where he was knowing that he was being denied an accomodation for his disability & that this situation would

(8.)

Cause Him To Suffer unnecessarily.

12.) The Purpose of Having An ADA coordinator
Is so That inmates Like Plaintiff, With Disabilities
Can Be Properly & Adequately Cared for & Provided
With The Needed Accomodations To & for Their
Diagnosed & Known Disabilities, & That's Why
Plaintiff Wrote Lawrence & Kuttner The Letters
(Exhibits- E & G) That He Wrote To Put Them on
Notice That He Was Being Denied An Accomodation
For His Disabilities That The Medical Staff
Acknowledged He Had.

13.) IDOC Has These Positions Within Each
facility & The ADA Coordinator Is Suppose To
Make Sure Those inmates With Disabilities Are
Provided With Adequate Accomodations for
Them, & Plaintiff's Disability Was Not
Treated Adequately Because These Defendants
Knew That Plaintiff Was In A Situation
That Violated His Rights As A Person With
A Disability & They Turned A Blind Eye
To These Violations of Plaintiff Rights.

14.) Plaintiff Was Housed In The East House
Where The Shower Was Up (3) floors of stairs

(9.)

WHICH Plaintiff's Permit ORDERS THAT HE
Stay ON A LOW GALLERY & SLEEP ON A LOW BUNK
But THIS GOES To SHOW IDOC's & MENARD'S
EAST CELL HOUSE ISN'T ADA Accessible foR
Plaintiff To USE THE SHOWER IN DiRECT
Violation of THE ADA & SHOWS THAT IDOC
HAS AN UNWRITTEN Policy To DELIBERATELY
Violate THE Rights of INMATES WITH
DISABILITIES SUCH As Plaintiff.

15.) IDOC HAS KNOWN SINCE MENARD WAS
BuiLt (1878) THAT THE SHOWER IN THE EAST
HOUSE WAS Not Accessible To INMATES WITH
WALKING DISABILITIES & MOVEMENT LIMITATIONS
& ESPECIALLY ANYONE WITH AN ORDER FROM MEDICAL
SAYING THAT HE COULDN'T GO UPSTAIRS Like
Plaintiff WHO HAS A MEDICAL PERMIT To Stay
ON A LOW GALLERY & HAVE A LOW BUNK, & DEFENDANTS
CRAIN, TOURVILLE, SNELL, MCRAYLA, WILLS, KUHNERT,
LAWRENCE, JOHN DOE #1 (Sgt.), & JOHN DOE #2
(PLACEMENT) KNEW THAT Plaintiff's LOW GALLERY
LOW BUNK PERMIT WAS Not BEING HONORED & HiS
DISABILITIES WERE Not BEING AccoMODATED
BECAUSE THEY ALL KNEW THAT HE HAD THE PERMIT
But HiS CELLY HAD ONE ALSO & SO Plaintiff
WAS FORCED To CLIMB onto THE TOP BUNK & RiSK
(10.)

GETTING Hurt By falling... WHICH He DID, ON (2) DIFFERENT OCCASSIONS ; Got Hurt.

CLAIM #2- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

16.) DEFENDANTS SUBJECTED PLAINTIFF TO CONDITIONS SO SEVERELY EXTREME THAT THEIR ACTIONS CAUSED PLAINTIFF TO SUFFER AN EMOTIONAL DISTRESS

17.) PLAINTIFF WAS DENIED MEDICAL CARE ; He felt So HELPLESS That HE WENT ON A HUNGER Strike ; WAS GOING TO GO ON SUICIDE WATCH AS A DIRECT Result OF WHAT DEFENDANTS SUBJECTED HIM TO BY NOT ACCOMODATING HIS DISABILITIES.

18.) PLAINTIFF Is At THE MERCY OF THESE DEFENDANTS TO PROVIDE PLAINTIFF WITH THE BASIC NECESSITIES OF LIFE, ; HE FOLLOWED EVERY DIRECTION That THESE DEFENDANTS GAVE HIM, TO PUT THEM ON NOTICE If HE ISN'T SATISFIED WITH HOW HE WAS BEING TREATED ; ... THEY IGNORED THEIR OWN RULES

(11.)

As To How ADA-Issue Grievances Were supposed to
Be Answered, this was done as an Intentional & knowing
Mindset That a Medical permit is a Prescribed Medical
Course of Treatment, so This puts These Defendants
On Notice By Plaintiff following All The Rules
& As a Direct Result of Defendants Deliberately
Ignoring Plaintiff sending Them Letters, Having
His Family Calling To The Warden, Who Directed
Plaintiff's Family (Fiancee) To The Health Care
Unit Administrator - (HCUA-Angela Crain) & His
Fiancee Informed These Defendants That
Plaintiff's Medically prescribed permits Were
Not Being Honored & He was In Pain... & They Knew
That Their Actions would Deliberately Be In Direct
Violation of The ADA Disability Act.

19.) Defendants Knew That Turning A Blind eye To
These Violations Would Cause Plaintiff To suffer
As A Direct Result of His Medical Disability
Not Being Accomodated By Menard/IDOC Medical
Staff & Officers & Their Willful Intent To Treat
Plaintiff Inhumane & Be Deliberately Indifferent
Towards His Disability In Direct Violation of The
ADA Rules or Directives.

20.) Everyday That Plaintiff's Medical Permit
(12.)

Wasn't Honored, His Disability; Serious Medical issues were not Accomodated; This caused Him To suffer unnecessarily, in pain By climbing onto the Top Bunk When His Permit clearly says Low Bunk, It was either that or sleep on the floor Where Roaches; Mice walk At.

# Claim #3 - Deliberate Indifference

21.) Plaintiff was seen By The Nurse Practioner for injuries That He Sustained from slipping & falling while in His cell At Another facility; As A Result of This Visit with The NP At Menard Plaintiff was ~~provided~~ provided with A course of Treatment That Included Being Prescribed A special Permit That Is Needed To Alert Security, Movement-OTs, Placement, The cellHouse Sgt., LT., Major That As A form of Treatment Plaintiff Has To Be with A Low Gallery cell That can Accomodate The Physical

(13.)

Injuries that I have; Also provide Plaintiff with a bed thats <u>not</u> on the top (Low Bunk) because Plaintiff has serious medical needs, & conditions that limited his ability to move; walk, ~~and more~~ & caused him to be in constant & somedays excruciating pain.

22.) The Nurse Practioner ordered that Plaintiff be provided with a Low Gallery Low Bunk, & per the contract between Wexford & I.Doc/State of Illinois Non-Medical Persons Are not suppose to interfere with medical Care & Treatment & Assist with making sure that Plaintiff & Any other inmate Receive Adequate medical care & medical treatment for their serious medical needs.

23.) Plaintiff Received his medical Permit for a Low Gallery Low Bunk; As soon as He signed the Permit/ The white sheet... They were suppose to send a copy of this Permit to Placement, cell house sgt., D.o.N. Secretary, Medical Records/OTS: & once these people were put on notice About the issue of Plaintiff's serious medical needs that were disregarded by the only people that he could go to About these issues & they treated Plaintiff As if He was the problem ' Because He was complaining About his ADA—

(14.)

Recognized Disability Not Being Accommodated, Due To overcrowding That Placed Plaintiff Who Has A Low Gallery Low Bunk Medical Permit In The cell With Another Inmate Who Has The Same Low Gallery Low Bunk Permit, Knowing That There is only one Low Bunk In These Small cells.

24.) If Plaintiff Had Broken His Leg, He Would More Than Likely Be Provided With Crutches; That Would Be An Accomodation To; for That Disability, So With Plaintiff falling Down In The cell; Hurting Himself So Bad That The Medical Staff Had To Prescribe Plaintiff with An Order for Him To Have A Low Gallery; A Low Bunk, But This Permit Wasn't Being Honored, By Security & Medical Staff Alike.

25.) Plaintiff's Back, Shoulders, Arms, Legs Were Already, & These Issues Were A Part of The Reason That He Was Prescribed A Low Gallery; Low Bunk Medical Permit Because He Had fallen Before; To Limit Him from Being put In That position To' Where He could possibly fall; As A Direct Result of Being Made Aware; put on Notice of This exact Threat of Harm, Plaintiff fell on (2) Different Occassions; Was Denied Medical care; His current Medical care Was Interfered With By His

(15.)

MEDICAL PERMIT NOT BEING HONORED; DELIBERATELY
PLACING THE PLAINTIFF IN HARMS WAY; SUBJECTING
HIM TO UNNECESSARY PAIN & SUFFERING; AS WELL AS
CRUEL & UNNECESSARY; UNUSUAL PUNISHMENT.

PLAINTIFF SPOKE WITH MAJOR TOURVILLE; SHOWED
HIM HIS MEDICAL PERMIT; HE TOLD HIM THAT
HE'S SUPPOSE TO BE MOVED FROM OUT OF THE
CELL BECAUSE HIS CELLY HAS THE SAME EXACT
MEDICAL PERMIT; TOURVILLE FIRST TOLD PLAINTIFF
THAT PLACEMENT CLAIMED THAT NO PERMIT
EXISTED IN HIS NAME, THEN HE TOLD PLAINTIFF
THAT HE COULDN'T MOVE BECAUSE THERE WASN'T
NO ROOM FOR HIM TO GET A BOTTOM GALLERY; A BOTTOM
BUNK TO ACCOMODATE THE DISABILITYS THAT
PLAINTIFF HAS; THEN TOURVILLE TOLD PLAINTIFF
THAT HE WASN'T GETTING MOVED SO HE CAN STOP ASKING
ABOUT IT BECAUSE I'M NOT FUCKING MOVING HIM.

27.) TOURVILLE TOLD PLAINTIFF TO WRITE WHOEVER THE
FUCK HE WANTED TO WRITE BECAUSE HE WAS IN CHARGE
✓BACK HERE (EAST HOUSE); SO PLAINTIFF SENT LETTERS
TO ADA-COORDINATORS KUHNERT, LAWRENCE, WILLS,
; THE PLACEMENT OFFICER (JOHN DOE) LETTING THEM
ALL KNOW THAT HE HAD A MEDICAL PERMIT THAT
PRESCRIBED THAT PLAINTIFF RECEIVE A SPECIFIC COURSE
(16.)

of care & medical treatment for a medical issue & issues that limit his physically being able to move around & get about the institution & that have been diagnosed as disabilities under the Americans with Disabilities Act. None of these defendants helped plaintiff get moved from out of this situation that was putting him in danger of falling down by trying to climb on a bunk bed.

28.) By keeping plaintiff in this cell knowing that he was being denied adequate medical care because they were knowingly interfering with the medical issues that the medically trained & educated medical staff — Nurse Practioner — had thought upon & after an examination of plaintiff's medical issues that plaintiff was limited in his mobility & because of these serious medical issues, that him going up to higher galleries would cause him to suffer & would put him at risk for future harm if he was forced to do so & also that his mobility is so limited that he couldn't be put on the top bunk.

29.) Defendants are mostly non-medical persons but, they are being allowed to interfere with these medical orders that are prescribed courses of treatment

(17.)

& MEDICAL CARE That The MEDICAL PERSONS ORDERED That He HAVE TO HELP Accomodate His MEDICAL ISSUES & DISABILITIES.

30.) Plaintiff ON SEVERAL DIFFERENT occassions SPOKE WITH DEFENDANTS TOURVILLE, LT. SNELL, McKAYLA & LET THEM KNOW THAT HE HAD A SERIOUS MEDICAL ISSUE THAT HE WAS PRESCRIBED A COURSE OF TREATMENT FOR BY THE MEDICAL STAFF THAT ORDERED THAT Plaintiff BE PROVIDED WITH A LOW GALLERY LOW BUNK & THESE DEFENDANTS LET Plaintiff KNOW THAT EVEN THOUGH THEY KNEW THAT HE HAD THIS MEDICAL CONDITION & MEDICAL PERMIT THAT PRESCRIBED THIS COURSE OF TREATMENT... THAT THEY WERE NOT GONNA MOVE HIM TO Accomodate HIS INJURIES OR HIS DISABILITY OR TO HELP ENSURE THAT HE RECEIVE HIS BASIC NECESSITIES OF LIFE WHICH IS WHAT THE 8TH AMENDMENT PROTECTS US FROM & Plaintiff Put DEFENDANTS ON NOTICE THAT THESE ISSUES WERE NOT ONLY NOT BEING TREATED AS THE DISABILITIES THAT THEY ARE AND THAT THE MEDICAL STAFF'S PRESCRIBED COURSE OF TREATMENT WAS NOT BEING FOLLOWED, & SEEMINGLY IGNORED BY NON-MEDICAL STAFF WHO WERE DELIBERATELY INTERFERING WITH Plaintiff's ACCESS TO ADEQUATE MEDICAL CARE & TREATMENT TO TREAT HIS SERIOUS MEDICAL NEEDS & ISSUES.

31.) Plaintiff COMPLAINED TO THESE DEFENDANTS

(18.)

(Tourville, Snell, McKayla) on a daily basis for about a week that he had a medical permit for a low gallery low bunk — which for medical reasons he's suppose to receive but he wasn't provided with one due to severe overcrowdings that resulted in placement (John Doe) not adhering to or complying with plaintiff's medical permit that he have a low gallery & a low bunk, because the medical injuries that he sustained from a previous fall that he suffered

32.) Plaintiff was threatend with being sent to segregation if he continued to complain about not receiving adequate medical care & treatment by Tourville, Snell & C-O McKayla when they were put on notice that he had a medical permit that ordered that he be given a low gallery low bunk & they deliberately ignored the medical permit / medical care & treatment that the medical ordered to treat his serious medical needs & injuries & told him that he had a choice... to either climb up onto the top bunk & get in that bunk or I could be cuffed up & sent to seg because you refuse to quit running your mouth & stop complaining about not being moved from out the cell where he was being deliberately denied medical care & treatment that caused him to suffer in pain unnecessarily.

(19.)

33.) Plaintiff stopped Tourville & Snell when they were making rounds & the nurse came around as plaintiff was explaining to both defendants why he was given a low gallery low bunk medical permit by the medical staff & he put them on notice that he had fallen in the cell & hurt his back, legs, arm & head & he stopped the nurse & had her explain to these (2) non-medical staff how he was being placed in danger of falling from off the top bunk by the medical permit not being honored by the cell house & placement officer (John Doe).

34.) Tourville told the nurse that if I fall, then thats the job of this nurse to put plaintiff back together again & he laughed with this nurse & Snell laughing with him & denying him the prescribed course of medical care & treatment once they had been put on notice that there was a problem. Tourville Snell & Makayla were put on notice that plaintiff was being denied his medical treatment & they deliberately turned a blind eye to this situation knowing that it was placing plaintiff in harms way & causing him to suffer unnecessarily.

35.) Plaintiff wrote Warden Wills & the placement office officer (John Doe) in an effort to help him get

(20.)

Removed from This cell Before He got Hurt Again.

36.) On 3/17/22 or 3/18/22 Plaintiff fell off The Top Bunk; Again Hurt His Back; He was Told That once He was Seen By The Nurse & Assessed As Being inJured from falling out of The Top Bunk Plaintiff Was Told That He Would Be Placed Back onto The Dangerous Situation Again Where He Was Forced To Climb up on The Top Bunk & fall Down & Hurt Himself Again.

37.) Plaintiff Put DefenDants on Notice With The Letters He Wrote, from The GRievances He Wrote, from Speaking face To face With Snell, Tourville, McKayla & To Countless Nurses Who Came To The Cell Daily for My Cellmate & Let Them Know That He Was Already Hurt, inJured, & In Extreme Pain & Thats Why He was Given The Medical Permit (Medical care/Treatment) for A Low Gallery & Low Bunk To Prevent Him from Getting Hurt By falling Down Going up The Stairs or Trying To Get onto The Top Bunk.

38.) Even Though These Defendants Were Put On Notice of The Limited Movement of Plaintiff Because of His Medical inJuries/Disability, & Put

(21.)

ON NOTICE THAT HE WAS TO HAVE HIS MOVEMENTS LIMITED EVEN MORE BY THE LOW GALLERY LOW BUNK TO HELP PROTECT HIM FROM FALLING DOWN & ONCE THEY WERE PLACED ON NOTICE OF THE DANGEROUS CONDITIONS THAT POSED A THREAT TO PLAINTIFF, THEY HAD A DUTY TO PROTECT HIM FROM THE DANGER & INSTEAD OF PROTECTING HIM THESE DEFENDANTS THEY EITHER PUT HIM IN THE DANGER & OR TURNED A BLINDEYE TO THIS DANGER — (CRAIN, TOURVILLE, SNELL, MCKAYLA, KUHNERT, LAWRENCE, JOHN DOE-PLACEMENT OFFICER, WILLS)

39.) THEN, AFTER PLAINTIFF GOT HURT FROM FALLING OFF THE TOP BUNK (WHICH IS ABOUT 5 FEET OFF THE GROUND) THESE SAME DEFENDANTS ~~XXXXX~~ TOLD PLAINTIFF THAT HE WAS GOING BACK TO HIS CELL OR THAT HE WAS GOING TO SEG.

40.) PLAINTIFF WAS THREATEND WITH A DISCIPLINARY TICKET BECAUSE HE WAS PRESCRIBED A COURSE OF MEDICAL TREATMENT THAT WAS PRESCRIBED TO TREAT HIS SERIOUS MEDICAL NEEDS, INCLUDING HIS LIMITED MOVEMENT & IT WASN'T BEING HONORED BY HIS CURRENT HOUSING PLACEMENT & THE DEFENDANTS WANTED HIM TO GO BACK INTO THIS DANGEROUS CONDITION/ENVIRONMENT WHERE THESE DANGERS ARE STILL PRESENT & HE TOLD THEM HE WASN'T GOING BACK INTO THE CELL

(22.)

Because He Had A Medical Permit for The Low Gallery Low Bunk & He Could Not Climb up into The Top Bunk Due To The Danger it Presented & His Medical Disability, Which Had Now Gotten Worse Because of The fall He Took.

41.) All These Defendants Knew That He Was Medically Limited in Movement & Had A Doctors Order To Have A Low Gallery Low Bunk & They Deliberately ignored That Medical Permit When They Were put on Notice About it until Plaintiff fell out The Top Bunk & Hurt Himself Again.

42.) Thats Deliberate indifference & An 8TH Amendment Violation. Plaintiff Went on A Hunger Strike & He Was Then Moved from The Dangerou Conditions.

## CLAIM #4 — Intentional Infliction of Emotional Distress

(23.)

43.) DEFENDANTS SUBJECTED PLAINTIFF TO CONDITIONS SO SEVERE & EXTREME THAT IT PLACED HIM IN A SITUATION THAT COULD & WOULD HARM HIM & DEFENDANTS KNEW THAT HE WAS IN DANGER OF BEING HARMED & NEVER MOVED HIM UNTIL HE FELL FROM THE TOP BUNK & GOT HURT AGAIN BECAUSE DEFENDANTS DELIBERATELY WENT AGAINST THE DOCTOR PRESCRIBED COURSE OF MEDICAL CARE & TREATMENT.

44.) AFTER FALLING OUT THE BED, DEFENDANTS THREATENED HIM WITH A TICKET & FORCED HIM BACK INTO THE SAME CELL & SAME SITUATION THAT JUST GOT HIM HURT THATS EXTREME & AN WILLFUL ACT TO CAUSE HIM TO BE SUBJECTED TO CONDITIONS THAT THEY KNEW WOULD CAUSE HIM TO SUFFER UNNECESSARILY.

45.) PLAINTIFF DECLARED THAT HE WAS GOING ON A HUNGER STRIKE & WAS WILLING TO GO ON SUICIDE WATCH & WILLING TO BE WRITTEN A DISCIPLINARY TICKET SO THAT HE WOULDN'T HAVE TO GO BACK INTO THAT SAME CELL WHERE HE WAS BEING SUBJECTED TO UNSAFE LIVING CONDITIONS THAT HE WAS GIVEN DIRECT ORDERS NOT TO DO BY THE MEDICAL STAFF.

(24.)

46.) THESE DEFENDANTS BY NOT MOVING PLAINTIFF FROM OUT OF THE CELL WHERE HIS MEDICAL PERMIT WASN'T BEING HONORED & BY THEIR ACTIONS THEY SUBJECTED PLAINTIFF TO CONDITIONS SO CRUEL THAT THEY CAUSED HIM TO BE SUBJECTED TO EMOTIONAL DISTRESS & THEN WANTED TO PUT HIM BACK INTO THE CELL TO SUBJECT HIM TO THE SAME DANGEROUS CONDITIONS THAT THEY WERE ON NOTICE ABOUT THAT CAUSED HIM TO FALL FROM OFF THE TOP BUNK, WHERE HE WASN'T SUPPOSE TO BE IN THE FIRST PLACE.

(25.)

Relief Requested:

He wants to sue each Defendant in their individual capacity. He wants his medical permits honored & his disability accomodated. He want Menard closed because they refused to accomodate his ADA-Disability & the medical care & treatment that he was prescribed by medical staff to treat his disability & injuries. He wants to be finacially compensated ($500,000) for the violations to his 8TH amendment constitutional right that caused him to suffer unnecessarily & to hurt himself by Defendants acts & actions, & them turning a blind eye to the danger that they subjected him too. Plaintiff requests a trial by jury & injunctive relief to prevent this from happening ever again to him.

Date: 11/11/23

Kevin Lundy # R-21613

Kevin Lundy R-21613
SIGNATURE

P.O. Box 1000
Menard, IL. 62259
Menard Corr. Ctr.

(26.)



11-30-23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
prisoner.esl@ilsd.uscourts.gov

ELECTRONIC FILING COVER SHEET

Please complete this form and include it when submitting any type of document, letter, pleading, etc. to the U.S. District Court for the Southern District of Illinois for review and filing.

_Lundy, Kevin_          _R21613_
Name                    ID Number

Please answer questions as thoroughly as possible and circle yes or no where indicated.

1.  Is this a new civil rights complaint or habeas corpus petition?     (Yes) or No

    If this is a habeas case, please circle the related statute:  28 U.S.C. 2241 or 28 U.S.C. 2254

2.  Is this an Amended Complaint or an Amended Habeas Petition?     Yes or (No)

    If yes, please list case number: _____ N/A

    If yes, but you do not know the case number mark here: _____

3.  Should this document be filed in a pending case?     Yes or (No)

    If yes, please list case number: _____ N/A

    If yes, but you do not know the case number mark here: _____

4.  Please list the total number of pages being transmitted:     51

5.  If multiple documents, please identify each document and the number of pages for each document.  For example:  Motion to Proceed In Forma Pauperis, 6 pages;  Complaint, 28 pages.

— Complaint    Name of Document                    Number of Pages
— Exhibits     _____            25
               _____            26

               _____            _____

               _____            _____

Please note that discovery requests and responses are NOT to be filed, and should be forwarded to the attorney(s) of record.   Discovery materials sent to the Court will be returned unfiled.

(EXHIBIT A)

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

_____ **Menard Correctional** _____ Center

| Offender Information: |
|---|
| Lundy          Kevin          ID#: R21613 |
| Last Name     First Name     MI |

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 3/18/2022 1:05 | RN Note Call transferred from Warden's office d/t family medical concerns. The person on the phone was a female that identified herself as Kristin (sp) Gray, Mr Lundys fiance. Ms. Gray voiced concerns of Mr Lundys medical needs not being met. Ms. Gray specifically questioned the "shower on gallery" permit, and alternate cuffing permit. I explained to Ms. Gray that NP moldenhauer is not here to discuss the concerns related to the permits by security. Ms. Gray became very rude and argumentative and this HCUA discontinued the phone conversation after telling her, "Ms. Gray we are not getting anywhere with this conversation." Warden's office notified of phone conversation. Angela Crain RNBSNHCUA | |

Distribution: Offender's Medical Record

DOC 0084 (Eff. 9/2002)
(Replaces DC 7147)

Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

**Menard Correctional** Center

Offender Information:

Last Name: _Lundy_      First Name: _Kevin_      MI      ID#: _R21613_

| Date/Time | Subjective, Objective, Assessment | Plans |
|-----------|-----------------------------------|-------|
|           |                                   |       |

214-5-23

JB Pritzker
Governor



( EXHIBIT - B )

Rob Jeffreys
Director

### The Illinois Department of Corrections

Menard Correctional Center
711 Kaskaskia Street • Menard, IL  62259 • (618) 826-5071 TDD: (800) 526-0844

# M E M O R A N D U M

RECEIVED

MAR 3 1 2023

MENARD CC
GRIEVANCE OFFICE

DATE:   March 27, 2023

TO:   Dinkins, Corrections Counselor II

FROM:   Angela Crain, RN, BSN, HCUA

SUBJECT: Lundy, Kevin R21613 Grievance #214-5-22

I am in receipt of Individual Lundy, Kevin R21613 medical grievance 214-5-22 regarding medical treatment. Individual states he was given a low bunk permit and has been in constant pain due to having to climb up to the top bunk. After reviewing the individuals medical record, he received a low bunk permit on 3/3/22. According to his placement, he has been on a low bunk since 3/18/22. The medical records do not substantiate claims.

Angela Crain, RN, BSN, HCUA

*Mission: To serve justice in Illinois and increase public safety by promoting positive change for those in custody, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**

ILLINOIS DEPARTMENT OF CORRECTIONS

### Offender Outpatient Progress Notes

Menard Correctional_____ Center

(Exhibit C)

| Offender Information: | | | | |
|---|---|---|---|---|
| Lundy | | Kevin | | ID#: R21613 |
| Last Name | | First Name | MI | |

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 03/03/22 345p | RN Note | P) Cont c̄ Plan of Care. |
| | S/O) Spoke c̄ NP moldenhauer. Given Low Bunk, low gallery permit for one year | |
| | A) Permit | B Dunlor RN |
| 3/8/22 1200 | PTA note | |
| | S) pt Status same Symptom | P) Cot p̄ RO |
| | O) shred exer | |
| | A) pt linder his excuse due to mental state | |
| 3/16/22 100 | PTA note | |
| | S) pt State same symptom | P) Cot p̄ prev |
| | O) ↓ shred exer | |
| | A) complet with no manner in | |

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

_____ **Menard Correctional** _____ Center

**Non-Specific Discomfort**

| Offender Information: |
|---|
| Last Name: **Lundy**   First Name: **Kevin**   MI: ___   ID#: **R12013** |

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 08/03/22 9A | (RN NOTE) LPN/CMT NOTE | **P) MD Referral if:** |
| | S) • Any Allergies? | |
| | - Location of pain / discomfort? **Everywhere** | - Patient presents more than twice at NSC for c/o same discomfort within one month |
| | - Describe pain: (Stabbing) (Throbbing) (Constant) Intermittent Etc. | - Patient presents with signs of acute, severe discomfort |
| | - Have you had this pain before and how was it treated? **yes meds** | - Patient has abnormal vital signs |
| | - Rate pain level scale of 1 – 10? **6** | |
| | - Duration of pain? **Months** | **No MD referral** |
| | O) T 97.4 P 98 R 18 BP 148/84 WT 204.8 | - Acetaminophen 325 mg, 1 – 2 tablets t.i.d. PRN X 3 days (18 tablets) |
| | - Signs of obvious discomfort **O** | - Ibuprofen 200mg 1-2 tabs t.i.d. PRN for 3 days (18 tabs) |
| | | **Patient Teaching:** |
| | - Observations related to body part affected **O** | - (Return to see provider if symptoms worsen or interfere with daily functioning) |
| | - had MRI in feb, show multiple injuries. - Urgent referral to Podiatry. | |
| | A) Non-Specific Discomfort | Nurse Signature **B Dunlap RN** Payment voucher   YES   (NO) |

Printed on Recycled Paper

DOC 0084 (Eff. 9/2002) (Replaces DC 7147)

W-2-03

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE**

(EXHIBIT-D)

| Grievance Officer's Report | |
|---|---|
| Date Received: 03/31/2023    Date of Review: 04/24/2023 | Grievance # (optional): 214-5-22 |
| Offender: LUNDY, KEVIN | ID#: R21613 |

**Nature of Grievance:**

Medical Treatment

---

**Facts Reviewed:**

Individual in custody submitted a grievance dated 05/17/2022 grieving low bunk permit was not adhered to causing him injuries and resulting pain.

Relief Requested: Inductive double mattress. Monetary relief $10,000 and punitive relief $5,000.

Counselor responded on via HCU memo on 03/28/2023: After reviewing the individual's medical records, he received a low bunk permit on 03/03/2022. According to his placement, he has been on a low bunk since 03/18/2022. The medical records do not substantiate claims.

Grievance Office reviewed on 04/24/2023: This grievance officer concurs with counselor/HCU response. A review of Offender 360 does not reflect a Larry Price residing in WCH 02-03. Furthermore, it is out of the jurisdiction of the Menard Correctional Center Grievance Office to grant monetary requests. If the individual in custody wishes to be assessed in regard to a special mattress he is advised to follow proper procedure and submit a sick call request.

**Recommendation:**

It is the recommendation of this Grievance Officer that the inmate's grievance be DENIED.

---

| Sara McClure - Menard Correctional Center | Sara McClure | Digitally signed by Sara McClure Date: 2023.04.24 14:59:06 -0500' |
|---|---|---|
| Print Grievance Officer's Name | Grievance Officer's Signature | |

(Attach a copy of Offender's Grievance, including counselor's response if applicable)

---

| Chief Administrative Officer's Response | |
|---|---|
| Date Received: APR 27 2023 | ☑ I concur   ☐ I do not concur   ☐ Remand |
| Action Taken: BY: | |

| A. Wills | 4/27/23 |
|---|---|
| Chief Administrative Officer's Signature | Date |

---

| Offender's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents.)

| Offender's Signature | ID# | Date |
|---|---|---|

---

ILLINOIS DEPARTMENT OF CORRECTIONS

## Administrative Review Board
## Return of Grievance or Correspondence

**Offender:** <u>LUNDY</u>　　　　　　　<u>KEVIN</u>　　　　　　　　　___　<u>R21613</u>
　　　　　　　Last Name　　　　　　　　First Name　　　　　　　MI　　ID#

**Facility:** <u>MENARD</u>

☒ Grievance: Facility Grievance # (if applicable) <u>214-5-22</u> ___ Dated: <u>5/17/2022</u> ___ or ☐ Correspondence: Dated: _____

Received: <u>5/8/2022</u> ___ Regarding: <u>Claims injured while climbing bed on 3-17-22 after placement in cell with another low bunk permitted</u>
<u>individual.</u>
　　　　Date

---

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**

☐ Provide your original written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.

☐ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal; if timely.

☐ Provide dates when incidents occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information.  Please return the attached grievance or correspondence with the additional information requested to:
Administrative Review Board, Office of Inmate Issues, 1301 Concordia Court, Springfield, IL 62794-9277

**Misdirected:**

☐ Contact your correctional counselor or Field Services regarding this issue.

☐ Request restoration of Statutory Sentence Credits to Adjustment Committee.  If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property and medical issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns in a letter to:  Illinois Prisoner Review Board, 319 E. Madison St., Suite A, Springfield, IL  62703

**No further redress:**

☐ Award of Earned Discretionary Sentence Credit is a discretionary administrative decision; therefore, this issue will not be addressed further.

☐ Administrative transfer denials are discretionary administrative decisions; therefore, this issue will not be addressed further.

☒ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☐ Administrative Review Board received the appeal 30 days past date of Chief Administrative Officer's decision; therefore, this issue will not be addressed further.

☐ This office previously addressed this issue on _____
　　　　　　　　　　　　　　　　　　　　　　　Date

☐ No justification provided for additional consideration.

---

**Other** (specify): <u>Outside 60 day time frame to file a grievance as outlined in DR504(F).</u>

---

Completed by: <u>Clayton Stephenson</u>　　　　　　　　　Signature　　　　　　<u>7/28/2023</u>
　　　　　　　　Print Name　　　　　　　　　　　　　　　　　　　　　　Date

Distribution:　Offender
　　　　　　　Inmate Issues

Printed on Recycled Paper

DOC 0070 (Rev. 3/2018)

W-2-03

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE**

| | Grievance Officer's Report | |
|---|---|---|

214-5-22

**Date Received:** 03/31/2023   **Date of Review:** 04/24/2023   **Grievance # (optional):** 214-5-22

**Offender:** LUNDY, KEVIN   **ID#:** R21613

**Nature of Grievance:**

Medical Treatment

**Facts Reviewed:**

Individual in custody submitted a grievance dated 05/17/2022 grieving low bunk permit was not adhered to causing him injuries and resulting pain.

Relief Requested: Inductive double mattress. Monetary relief $10,000 and punitive relief $5,000.

Counselor responded on via HCU memo on 03/28/2023: After reviewing the individual's medical records, he received a low bunk permit on 03/03/2022. According to his placement, he has been on a low bunk since 03/18/2022. The medical records do not substantiate claims.

Grievance Office reviewed on 04/24/2023: This grievance officer concurs with counselor/HCU response. A review of Offender 360 does not reflect a Larry Price residing in WCH 02-03. Furthermore, it is out of the jurisdiction of the Menard Correctional Center Grievance Office to grant monetary requests. If the individual in custody wishes to be assessed in regard to a special mattress he is advised to follow proper procedure and submit a sick call request.

RECEIVED
MA. 0 8 2023
ADMINISTRATIVE
REVIEW BOARD

**Recommendation:**

It is the recommendation of this Grievance Officer that the inmate's grievance be DENIED.

Sara McClure - Menard Correctional Center        *Sara McClure*  Digitally signed by Sara McClure
Date: 2023.04.24 14:59:06 -05'00'
Print Grievance Officer's Name                Grievance Officer's Signature
(Attach a copy of Offender's Grievance, including counselor's response if applicable.)

| | Chief Administrative Officer's Response | |
|---|---|---|

**Date Received:** APR 27 2023   ☑ I concur   ☐ I do not concur   ☐ Remand

**Action Taken:** BY:

Chief Administrative Officer's Signature                4/27/23
Date

| | Offender's Appeal To The Director | |
|---|---|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents.)

*Kevin Lundy*                R-21613  5/4/23
Offender's Signature          ID#      Date

MAY 2 0 2022
1st Lvl rec:

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender's Grievance**

| Date: 5/17/22 | Offender (please print): Kevin Lundy | ID #: R-21613 | Race (optional): Black |
|---|---|---|---|
| Present Facility: Menard | | Facility where grievance issue occurred: Menard | |

**Nature of grievance:**

214-5-22 men

☐ Personal Property   ☐ Mail Handling   ☐ Medical Treatment   ☐ ADA Disability Accommodation

☑ Staff Conduct   ☐ Dietary   ☐ HIPAA   ☐ Restoration of Good Time Credit **RECEIVED**

☐ Transfer Denial by Facility   ☐ Other, (specify): _____   **MAR 31 2023**

☐ Disciplinary Report

Date of report _____   Facility where issued   **MENARD C.C.**
**GRIEVANCE OFFICE**

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board.

Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor

Chief Administrative Officer, only if EMERGENCY grievance

Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drug issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information of each person involved):

This is the second time im writing this grievance. The first time I never got a response. I followed proper protocol. On 2/3/22 I was given a lowbunk permit. On 3/5/22 I was placed/housed in a cell with individual in custody Larry Price who also had a low bunk permit. I was forced to climb up into and out of the top bunk with injuries to both shoulders. Right elbow and both

☑ Continued on reverse

**Relief Requested:**

1. Fracture ; Double Mattress . Monetary Relief 10,000 $
Punture Zelief 5,000 $

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

☑ Check if this is NOT an emergency grievance.

Kevin Lundy _____ R-21613 _____ 5/17/22
Offender's Signature _____ ID# _____ Date

(Continue on reverse side if necessary)

RECEIVED
MAY 0 8 2023
ADMINISTRATIVE REVIEW BOARD

**Counselor's Response** (if applicable)   Date Received: 5/20/22   ☐ Send directly to Grievance Officer

☐ Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

Response: See attached response from HCU.

_____

Pickens _____ [signature] _____ 3/28/23
Print Counselor's Name _____ Sign Counselor's Name _____ Date

Note to offender: If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance office.

**EMERGENCY REVIEW:**   Date Received: _____

Is this determined to be of an emergency nature?

☐ Yes, expedite emergency grievance

☐ No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure

_____   _____
Chief Administrative Officer's Signature   Date / Pain meds?

IIE Medical treatment/

Assigned Grievance #/Institution: _____     Housing Unit: _____     Bed #: _____

1st Lvl rec: _____          **ILLINOIS DEPARTMENT OF CORRECTIONS**          2nd Lvl rec: _____
                                    **Offender's Grievance**

Foot on two occasions I ~~fell~~ fell from the top bunk trying to climb down. I hurt my back on 3/17/22 from the time I was prescribed the permit I begged my gallery c/o the sgt lt. Snell all the way up to Major Townsell. I kept getting the runaround. When I hurt my back I get fed up and the next day I declared hunger strake I saw a nurse that day and thats the day ~~the~~ the Major "Reid" me moved to a cell that would accommodate my permits since then I have been given Muscle relaxers for that indury. I had my Mother and wife call up here I filed a grievance that was never answered I told every c/o in that cell house, I even asked the physical therapist for help. I was housed in Easthouse cell 204 when the injury occurred, since then i have been in constant pain

CC:1

Distribution: Master File; Offender

214-5-22



JB Pritzker
Governor

Rob Jeffreys
Director

### The Illinois Department of Corrections

Menard Correctional Center
711 Kaskaskia Street • Menard, IL  62259 • (618) 826-5071 TDD: (800) 526-0844

# M E M O R A N D U M

**RECEIVED**

MAR 31 2023

**MENARD CC GRIEVANCE OFFICE**

DATE:     March 27, 2023

TO:          Dinkins, Corrections Counselor II

FROM:    Angela Crain, RN, BSN, HCUA

SUBJECT: Lundy, Kevin R21613 Grievance #214-5-22

---

I am in receipt of Individual Lundy, Kevin R21613 medical grievance 214-5-22 regarding medical treatment. Individual states he was given a low bunk permit and has been in constant pain due to having to climb up to the top bunk. After reviewing the individuals medical record, he received a low bunk permit on 3/3/22. According to his placement, he has been on a low bunk since 3/18/22. The medical records do not substantiate claims.

**RECEIVED**

MAY 0 8 2023

ADMINISTRATIVE REVIEW BOARD

Angela Crain, RN, BSN, HCUA

Mission: To serve justice in Illinois and increase public safety by promoting positive change for those in custody, operating successful reentry programs, and reducing victimization.

www.illinois.gov/idoc

5/4/23

My grievance was held from 5/20/22 untill 11/27/23. Also Larry price was my cellmate from Febuary 1st 2022 untill March 18th in "EAST 204 Not West 205 As I steted in my grievance I WAS given a low bunk permit 3/3/22 I hurt my back 2 weeks later on 3/18/22 I had to declare hunger strike to be Moved and only Then WAS I moved.

Kevin Lundy R-216B

W-203

RECEIVED
MAY 0 8 2023
ADMINISTRATIVE
REVIEW BOARD

**ILLINOIS DEPARTMENT OF CORRECTIONS**
## Offender's Grievance

| 1st Lvl rec: | | | 2nd Lvl rec: |
|---|---|---|---|

| Date: 7/20/22 | Offender (please print): Kevin Lundy | ID #: R-24613 | Race (optional): B/h |
|---|---|---|---|

| Present Facility: | Facility where grievance issue occurred: |
|---|---|

**Nature of grievance:**

- [ ] Personal Property
- [✓] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report
- [ ] Mail Handling
- [ ] Dietary
- [✓] Other (specify): Grievance For back injury #2145-22
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] ADA Disability Accommodation
- [ ] Restoration of Sentence Credit

Date of report _____  Facility where issued _____

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any ~~pertinent document (such as a Disciplinary Report,~~ Search Record, etc.) and place in the designated locked receptacle marked "grievance":

**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Boa
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor
**Chief Administrative Officer,** only if EMERGENCY grievance
**Mail to Administrative Review Board,** only if the issue involves protective custody, involuntary administration of psychotropic drug issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information each person involved):

On 3/16/22 I fell out of the top bunk in the east house cell 205. me and my cellmate had low bunk permits weeks before this injury occured. I begged Major tourville, Lt snell officer Mckayla (2ge/8a) the cell house sgt to have my medical permits for low bunk and disibility be granted and No one moved me. I spoke to medical peysonol even my physical therapist but nothing happened. I wrote and spoke

[✓] Continued on reve

**Relief Requested:**

For monetary and inductive relief, for punitive relief. For double mattress permit for grievance officer to be removed. For Menard to hire a Doctor to be given one man cell status for injuries sustained

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

- [✓] Check if this is NOT an emergency grievance.

| Kevin Lundy | R-24613 | 7/20/22 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**   Date Received: _____   [ ] Send directly to Grievance Officer

- [ ] Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

**Response:**

_____

_____

_____

AUG __ __ ____
ADMINISTRATIVE
REVIEW BOARD

_____

_____

| Print Counselor's Name | Sign Counselor's Name | Date |
|---|---|---|

**Note to offender:** If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance offi

**EMERGENCY REVIEW:**   Date Received: _____

Is this determined to be of an emergency nature:

- [ ] Yes, expedite emergency grievance
- [ ] No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure

| Chief Administrative Officer's Signature | Date |
|---|---|

Assigned Grievance #/Institution: _____    Housing Unit: _____    Bed #: _____

1st Lvl rec

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender's Grievance**

2nd Lvl rec

to the warden. Still Nothing my family had to call up
here to Menard and springfield to I also had to declare
a hunger strike March 17th That day I was moved to
North 2 Gal 132. I wrote the grievance the
grievance officer has intentionally held my grievance
this to impede the grievance process Shes responded
to grievances that I wrote after this issue occured
but She never responded to this grievance #21·1·5·2
because she can not dismiss or explain away
this deliberate indifference I have records to
substantiate my claims as well I wrote the
grievance officer but have yet to recieve a response
I donot have the original copy because the grievance
officer still has it. Menard has not done any copies
because they had no toner for their printer all
facts in this grievance are true as stated I am
dealing with pain daily because No one protected me

ILLINOIS DEPARTMENT OF CORRECTIONS

## Administrative Review Board
## Return of Grievance or Correspondence

Offender: **LUNDY**                    **KEVIN**                              MI   **R21613**
              Last Name                     First Name                        ID#

Facility: **MENARD**

☒ Grievance: Facility Grievance # (if applicable) _____ Dated: **7/20/2022** ___ or ☐ Correspondence: Dated: _____

Received: **9/29/2022**   Regarding: Misconduct claims against Lt. Tourville, Lt. Snell, C/O McKayla for inaction leading to 3-16-22 fall top bunk.
Date

---

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**
- ☐ Provide your original written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.
- ☐ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal; if timely.
- ☐ Provide dates when incidents occurred.
- ☐ Unable to determine nature of grievance or correspondence; submit additional specific information.  Please return the attached grievance or correspondence with the additional information requested to:
Administrative Review Board, Office of Inmate Issues, 1301 Concordia Court, Springfield, IL 62794-9277

**Misdirected:**
- ☐ Contact your correctional counselor or Field Services regarding this issue.
- ☐ Request restoration of Statutory Sentence Credits to Adjustment Committee.  If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.
- ☐ Contact the Record Office with your request or to provide additional information.
- ☐ Personal property and medical issues are to be reviewed at your current facility prior to review by the Administrative Review Board.
- ☐ Address concerns in a letter to:  Illinois Prisoner Review Board, 319 E. Madison St., Suite A, Springfield, IL 62706

**No further redress:**
- ☐ Award of Earned Discretionary Sentence Credit is a discretionary administrative decision; therefore, this issue will not be addressed further.
- ☐ Administrative transfer denials are discretionary administrative decisions; therefore, this issue will not be addressed further.
- ☒ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.
- ☐ Administrative Review Board received the appeal 30 days past date of Chief Administrative Officer's decision; therefore, this issue will not be addressed further.
- ☐ This office previously addressed this issue on _____
Date
- ☐ No justification provided for additional consideration.

---

**Other** (specify): Issues are from on or before 3-16-22 meaning that they are outside of the 60 day time frame to file a grievance. Lundy also alleges this issue was previously grieved in grievance# 214-5-22. Send grievance #214-5-22 for appeal at ARB when it is received and if you want to pursue the issue.

Completed by: Clayton Stephenson                    _____                    9/2/2022
                    Print Name                         Signature                        Date

Printed on Recycled Paper                                                    DOC 0070 (Rev. 3/2018)

# State of Illinois - Department of Corrections

## Counseling Summary

| | | | |
|---|---|---|---|
| **IDOC #** | R21613 | **Counseling Date** | 03/31/23 09:03:09:083 |
| **Offender Name** | LUNDY, KEVIN | **Type** | Collateral |
| **Current Admit Date** | 11/09/2007 | **Method** | Grievance |
| **MSR Date** | 06/23/2065 | **Location** | MEN GRIEVANCE OFFICE |
| **HSE/GAL/CELL** | W -02-03 | **Staff** HARGIS, ALLISON, Office Coordinator | |

Grievance Office received grievance #214-5-22 (2nd Level Review) regarding medical treatment/pain meds & permits for back injury, dated 5/17/22.

Tiger

**Print Date   3/31/2023**

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Outpatient Progress Notes

_____ Menard Correctional _____ Center

Offender Information:

Last Name: Lundy      First Name: Kevin      MI: ____      ID#: R21613

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 3/17/22 0900 | PTA nol<br>S) pt state his permit is not key honored<br>O) check on permit, is in the computer still new<br>A) complei with no change | P) wt p proc |

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Outpatient Progress Notes

Menard Correctional                Center

Offender Information:

*Windy*          *Kevin*                    ID#: R21613
Last Name          First Name          MI

| Date/Time | Subjective, Objective, Assessment | Plans |
|-----------|-----------------------------------|-------|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

Distribution: Offender's Medical Record

*Printed on Recycled Paper*

DOC 0084 (Eff. 9/2002)
(Replaces DC 7147)

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

**Menard Correctional** _____ Center

**Non-Specific Discomfort**

Offender Information:

Last Name: Lundy   First Name: Kevin   MI: ___   ID#: R21613

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 3/18/22 1945 | **RN NOTE** LPN/CMT NOTE | **P) MD Referral If:** |
| | S) - Any Allergies? NKA | |
| | - Location of pain / discomfort? Both arms + Back & feet Stabbing Dull | - Patient presents more than twice at NSC for c/o same discomfort within one month |
| | - Describe pain Stabbing  Throbbing  (Constant)  Intermittent  Etc. | - Patient presents with signs of acute, severe discomfort |
| | - Have you had this pain before and how was it treated? S/R no | - Patient has abnormal vital signs |
| | - Rate pain level scale of 1 – 10? Back 8  arms 10  feet @ worse 10 | |
| | - Duration of pain? Constant | No MD referral: Takes Robaxin + Naproxen |
| | O) T 97 3  P 115 R 20  BP 150/82  WT 200 | - Acetaminophen 325 mg, 1 – 2 tablets t.i.d. PRN X 3 days (18 tablets) |
| | - Signs of obvious discomfort | - Ibuprofen 200mg 1-2 tabs t.i.d. PRN for 3 days (18 tabs) |
| | Ambulates c a limp. Doesn't go to yard S/R Doesn't know last time in yard. | **Patient Teaching:** |
| | - Observations related to body part affected Sits c a lean due to back hurting S/R falling out of bunk. Permits | - Return to see provider if symptoms worsen or interfere with daily functioning Reviewed Back exercises. Cont. physical tx. |
| | • No shower on gallery 3 flights to shower | |
| | • Lower Bunk Cell mate has low Bunk & helps him in his cell. Instructed to rest. | |
| | S/R living on hunger strike due to not moving to lower bunk. CO aware. | Nurse Signature C. Madolin RN |
| | A) Non-Specific Discomfort | Payment voucher ___ YES ___ NO |

Visit Due to request Wellness visit.

Distribution: Offender's Medical Record

DOC 0084 (Eff. 9/2002 (Replaces DC 7147)

Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Outpatient Progress Notes

_____ Menard Correctional _____ Center

Offender Information:

Last Name: _Lundy_    First Name: _Kevin_    MI: ___    ID#: _R21613_

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 3/25/22 /110 | OTA w/G  S) pt state he meds have ran out  O) no exercise.  A) complete session discuss his needs | P) cont r por |
| 3/28/22 | OTA note  S) pt state same issue  O) shhh leu  A) complet with no increas in pain | P) cont r po |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

*Printed on Recycled Paper*

DOC 0084 (Eff. 9/2002)
(Replaces DC 7147)

Offender Name: __LUNDY, KEVIN__     ID#: __N 21613__

Date of medical examination: __05/26/19__  Time: __11:00__  ☒ am ☐ pm.  Physician Contacted: ☐ Yes ☐ No

S (Subjective Findings): " I slipped in the cell & now my back hurts " Resident Stated

O (Objective Findings): __Resident A&O X 3 , ⊘ Acute Distress noted.__
No Hx any underlying illness , No Hx any Allergies.

Vitals: T __98.4__  P __86/m__  R __16/m__  BP __140/84__  Tetanus _____

On Examination : Head to toe No visual injuries noted.
S/P lower back & shoulders hurting.
⊘ other complaints offered.

A (Evaluation of Injury): ① S/P lower back pain

P (Treatment and Follow-up):  ① Reassurance & Pt. Education.
② ICE x 24° x A.A
③ RN/SC for further eval. | Tx | Mx. 05/27/19.
④ See HCU x PRN ———————— N. Naffarlung

Disposition of patient:
☐ Return to assignment   ☐ Housing Unit   ☐ Lay in   ☐ Infirmary   ☐ Segregation  ☒ RN/SC
☐ Off-site referral for treatment (Destination) _____

__N. NAFFAR__
Print Name of Person Completing Form

__N. Naffar__
Signature

_____
Title

__05/26/19__
Date

---

**To Be Completed By Physician**

I have reviewed this report and would like to see this offender: ☐ Immediately  ☒ Next Sick Call  ☐ PRN

__C. Brextt SPA__
Print Physician Name

__Crest__
Physician's Signature

__6/2/19__
Date

Side 2

DOC 0313 (Eff. 07/2006)
Replaces DCA7111-I

Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Injury Report

Offender Name: __LUNDY, KEVIN__   ID#: __R21613__

Age: __34__   Date of Birth: __02/11/84__   Sex: __M__   Race: __BLK__

Date of Injury: __05/26/19__   Time of Injury: __10 45__   ☒ am ☐ pm   Location: __X-House 11E-8__

How did the injury occur?  *I slipped in the cell & now my back hurts Resident stated*

Was it witnessed by staff? ☒ No   ☐ Yes (If yes, please list names)

**Location in facility:**

☐ LTA (gym, basketball, football, etc.)

☐ Group (therapy)

☒ Housing Unit (cell, dayroom, tv room, etc.)

☐ School (classroom, library)

☐ Kitchen

☐ Other _____

**Type of Injury:**

☐ Sports

☐ Assault

☐ Job Related

☒ Non-job Related

☐ Self-inflicted

☐ Fight

_N. Nafford_
Signature

_CMT_
Title

_05/26/19_
Date

## (Medical Report on Reverse Side)

Side 1

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

_____ **Stateville Correctional** _____ **Center**

| Offender Information: |
|---|
| Lundy          Kevin          ID#: N21613 |
| Last Name        First Name        MI |

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 5/24/19 9:00a | RNSC Note: S: "My shoulder & back still hurt". | MDSC 6/3/19 |
| | O: I/m AX0x3. I/m speech clear & coherent. I/m seen med tech 5/26/19 D/T S/R slip in cell. Q S/S of acute distress noted ⊘ this time. No visual injury noted @ this time. I/m referred to MDSC 6/3/19 | |
| | A: pain | Km Jameer |
| 5-28-19 1036 | RNSC Note "My Back + Shoulder." | MDSC 6-3-19 |
| | Alert + oriented x3 Speech clear + coherent. S/R no change. | CPM Return to NSC PRN |
| | Reassured Appt Scheduled. I/m verbalized understanding | |

TO: ADA Coordinator
Kevin Lundy #B-21613
Date 3/5/22
RE: Medical Permit

I have a Medical Permit For low gallery
low bunk. That was given to me by the Nurse
Practitioner But its Not being honored by the
Cellhouse or Placement. I am currently on
the top bunk because my Cellie Also has a low
bunk low gallery Permit. Could you please
help me get Moved because I have a disability
that says im not suppose to be on the top
bunk. There aint no ladder to help me
get up & Down & I dont want to hurt myself
trying to get in or out of this top bunk.

TO: ADA-Coordinator

Kevin Lundy #R-21613
Date 3/11/22
RE: Medical Permit

This is my second letter to you about the issue of the cell house staff (sgt. Lt.) Major) or placement honoring my Medical permit for A Low Gallery Low bank Im still getting up & Down on the top bunk because my celly Larry Price has the exact same permit-low gallery-Low bunk. If you look at my medical records it will show you my permit was issued on 3/3/22 because I have a disability that makes it hard for me to get on the top bunk. Im in pain all the time could you please both help me get moved out of this cell so I can get my permit honored. I already slipped and fell once already yesterday 3/10/22. Please help me. I was told by the nurse to write you and you'll get me moved Ive written to placement and they haven't written me back Either So please help me get moved

TO ADA Coordinator

Kevin Lundy R-21613
Date 3/17/22
RE: Medical Permit
Third Letter

I fell off of the top bunk Trying to get up on the top bunk. I have had a Low gallery Low bunk permit since 3/3/22 and since then I have been writting to you, placement, The Warden about my disability not being accomodated and begging to be moved so I would not fall down and here it is I've fallen down and hurt my back and shoulders. I still haven't been moved even after falling out the top bunk and showing that my Low gallery Low bunk permit wasn't being honored