IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN LUNDY,<br>#R21613,<br><br>        Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOUCES, INC.,<br>A. CRAIN,<br>IDOC,<br>JOHN DOE,<br>LAWRENCE,<br>KUHNERT,<br>WARDEN WILLS,<br>MAJOR TOURVILLE,<br>LT. SNELL, and<br>OFFICER MCKAYLA,<br><br>        Defendants. | Case No. 23-cv-03809-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

    Plaintiff Kyle Lundy, an inmate of the Illinois Department of Corrections (IDOC), filed this lawsuit pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred at Menard Correctional Center and pursuant to the Americans with Disabilities Act (ADA). The Complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, meritless, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Plaintiff alleges that in 2019, while at a different facility, he slipped and fell and injured his back, head, and shoulder. (Doc. 1, p. 5, 12). At some point he was transferred to Menard Correctional Center and had an appointment with a nurse practitioner. The nurse practitioner issued him a low gallery and low bunk permit on March 3, 2022. (*Id.* at p. 7). The medical permit directs that Plaintiff is to be celled in a cell located on a low gallery and assigned to the bottom bunk bed. (*Id.* at p. 5, 9).

Despite the medical permit, Plaintiff was assigned to a cell in the East Cell House and with an inmate who also had a low gallery and low bunk permit. (Doc. 1, p. 5-6). Plaintiff was forced to sleep on the top bunk. On two separate occasions, he fell climbing onto the top bunk bed injuring his back, shoulders, head, and feet. (*Id.* at p. 6, 10). In East Cell house, Plaintiff also had to climb three flights of stairs to use the showers. (*Id.* at p. 8).

Plaintiff complained about his medical permit not being honored. He wrote letters to Warden Wills, ADA Coordinators Kuhnert and Lawrence, and John Doe Placement Officer (Doc. 1, p. 15, 19). Daily, for about a week, he spoke to Tourville, Snell, and McKayla. (*Id.* at p. 17-18). Plaintiff told them that he had serious medical issues and had been given a low bunk and low gallery permit. Defendants told Plaintiff that they knew about his situation but were not going to move him. Tourville informed Plaintiff that because of overcrowding there was not a cell available on a lower gallery with a low bunk bed available. (*Id.* at p. 15). John Doe Placement Officer could not place him in a new cell and adhere to the permit. (*Id.* at p. 10, 16, 18). Tourville, Snell, and McKayla threatened Plaintiff with a disciplinary ticket and placement in segregation if he did not "quit running [his] mouth and stop complaining." (*Id.* at p. 18).

After, Plaintiff fell the second time around March 17, 2022. (Doc. 1, p. 20). Plaintiff saw a

nurse for his injuries and was told that he would return to his cell in East Cell House. (*Id.* at p. 21). In response, he declared that he was going on a hunger strike and was willing to be placed on suicide watch so that he would not have to go back to his same dangerous living conditions. (*Id.* at p. 10, 20, 23). On March 18, 2022, Plaintiff's disability was accommodated, and he was moved to a cell on a low gallery with a low bunk bed. (*Id.* at p. 23, 29).

## PRELIMINARY DISMISSALS

All claims against Wexford Health Sources, Inc. (Wexford) are dismissed. As a corporation, Wexford can only be liable for an unconstitutional policy or practice. *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014) ("Such a private corporation cannot be held liable under [Section] 1983 unless the constitutional violation was caused by an unconstitutional policy or custom of the corporation itself."). Plaintiff fails to point to any such policy or practice that caused him to be denied care by medical staff at Menard.

## DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to designate the following count:

**Count 1:** Eighth Amendment deliberate indifference claim to a serious medical need against Defendants for failing to honor Plaintiff's medical permit and assign Plaintiff to a cell on a low gallery with a low bunk bed in March 2022.

**Count 2:** ADA and RA [1] claim against IDOC for not accommodating Plaintiff's physical disabilities by failing to house him in a cell on a low gallery with a low bunk bed in March 2022.

**Count 3:** State law claim against Defendants for intentional infliction of emotional distress.

---

[1] Plaintiff does not mention the Rehabilitation Act (RA), 29 U.S.C. § 794(a), in his Complaint, but the Seventh Circuit has cautioned that claims of discrimination on account of a disability, especially those from a pro se prisoner litigants, should be analyzed by the district court in light of both the ADA and RA, whether or not the plaintiff has asserted a claim under the latter statute. *Norfleet v. Walker,* 684 F.3d 688, 690 (7th Cir. 2012).

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[2] pleading standard.**

### Count 1

To state an Eighth Amendment claim for deliberate indifference to a serious medical condition, the plaintiff must allege that "(1) that he suffered from an objectively serious medical condition; and (2) that the individual defendant was deliberately indifferent to that condition." *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010).

The Court finds that Plaintiff has stated a claim against John Doe Placement Officer, Lawrence, Kuhnert, Wills, Tourville, Snell, and McKayla. These Defendants knew that (1) Plaintiff (1) was at risk of falling in attempting to climb into a high bunk bed due to his medical conditions, (2) in fact did fall, and (3) had difficulty using stairs, but they waited to transfer him to an appropriate cell with a low bunk bed and on low gallery until after the second fall on March 17. *See Buford v. Obaisi,* No. 14 C 3931, 2016 WL 4245513, at *5 (N.D. Ill. Aug. 11, 2016).

Count 1 is dismissed as to Angela Crain, the health care unit administrator. Plaintiff claims that Crain confirmed that he had a low bunk and low gallery permit in a memorandum responding to his grievance dated March 27, 2023. (Doc. 1, p. 7). By this time, Plaintiff had already been moved to an appropriate cell, and Plaintiff does not describe any conduct on the part of Crain from which the Court can plausibly infer that she knew about and disregarded a risk to his safety and health.

Count 1 is also dismissed against IDOC. IDOC is not a "person" subject to suit for money

---

[2] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

damages under Section 1983. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). Neither can a state agency be sued for prospective injunctive relief in federal court. *See Quick v. Ill. Dep't of Fin. & Prof'l Regulation*, 468 F. Supp. 3d 1001, 1009 (N.D. Ill. June 23, 2020) (collecting cases).

### Count 2

Under the Americans with Disabilities Act ("ADA"), "no qualified individual with a disability shall, because of that disability . . . be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (2006). The Rehabilitation Act ("RA") likewise prohibits discrimination against qualified individuals based on a physical or mental disability. *See* 29 U.S.C. §§ 794-94e. The analysis under the ADA and the RA is the same, except that the RA includes as an additional requirement the receipt of federal funds, which all states accept for their prisons. *Jaros v. Ill. Dep't of Corr.*, 685 F.3d 667, 671 (7th Cir. 2012)(citing 29 U.S.C. § 705(2)(B)). Discrimination under both includes the failure to accommodate a disability. *Jaros,* 684 F.3d at 672 (citation omitted).

As the proper defendant for ADA and RA claims is the relevant state department or agency, Plaintiff has correctly named IDOC as a defendant. Count 2 will proceed against the agency for failing to accommodate Plaintiff's disabilities and assign him to a low gallery cell with a low bunk bed. To the extent Plaintiff intended to bring his ADA/RA claim against the other individual defendants, Count 2 is dismissed. *See* 42 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670, n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his official capacity)).

### Count 3

Under Illinois law, a plaintiff claiming intentional infliction of emotional distress must plead that (1) the defendant "engaged in extreme and outrageous conduct;" 2) the defendant either

intended to inflict severe emotional distress "or knew there was a high probability that [his] conduct would cause severe emotional distress;" and 3) the defendant's "conduct in fact caused severe emotional distress." *McGreal v. Vill. Orland Park*, 850 F.3d 308, 315 (7th Cir. 2017) (internal quotations omitted). Plaintiff's allegations do not plead any of these elements. The Defendants' conduct as alleged, failing to accommodate Plaintiff's disability for two weeks, is not truly extreme and outrageous. There are no facts in the Complaint to suggest that Defendants acted with intent or knowledge that their conduct would result in severe emotional distress.

### UNIDENTIFIED DEFENDANT

Plaintiff will be allowed to proceed with Count 1 against John Doe Placement Officer and will have the opportunity to engage in limited discovery to ascertain the officer's identity. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). Warden Wills is already named in his individual capacity and will also be named in his official capacity for purposes of identifying this placement officer. Once identified, Plaintiff shall file a motion to substitute the newly identified defendant in place of the generic designations in the case caption and throughout the Complaint.

### DISPOSITION

For the reasons stated above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** will proceed against John Doe, Lawrence, Kuhnert, Wills, Tourville, Snell, and McKayla. **COUNT 2** will proceed against IDOC. All claims against Wexford Health Sources, Inc. and A. Crain are **DISMISSED.** The Clerk of Court is **DIRECTED** to terminate them as defendants.

Because Plaintiff's claims involve his medical care, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and

Accountability Act.

The Clerk of Court **SHALL** prepare for IDOC, John Doe (once identified), Lawrence, Kuhnert, Wills, Tourville, Snell, and McKayla the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to defendants' place of employment. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants should respond to the issues stated in this Merit Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this order will cause a

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 21, 2024**

    *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**

NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.