IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN LUNDY,<br><br>    Plaintiff,<br><br>v.<br><br>ILLINOIS DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>    Defendants. | Case No. 23-cv-03809-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This case is before the Court for case management purposes. Currently, there is a motion for summary judgment on the issue of exhaustion pending. (Doc. 33). Plaintiff was granted an extension, and his response in opposition to the motion is due March 7, 2025. (Doc. 36, 38). Plaintiff was also given an extension of the deadline to identify the John Doe Defendant, and the motion to substitute was due February 28, 2025. (Doc. 35).

On February 21, 2025, the Court received a document from Plaintiff titled "Status Review/Motion to Compel." (Doc. 39). In the motion, Plaintiff informs the Court that he has been transferred from Menard Correctional Center to Lawrence Correctional Center. He states that he has been refused all legal documents and is unable to comply with the Court's deadlines to file a motion to substitute and to respond to the motion for summary judgment. He asks the Court to compel Lawrence Correctional Center to provide him his legal materials so that he may meet the current deadlines in this case. Plaintiff also asks the Court to reconsider assigning him counsel because he no longer has the assistance of the inmate at Menard Correctional Center who was helping him prior to his transfer.

The motion is **DENIED.** (Doc. 39). The Court construes Plaintiff's request to compel Lawrence Correctional Center to produce his legal documents as a request for an emergency injunction. A temporary restraining order or a preliminary injunction "is appropriate only if it seeks relief of the same character sought in the underlying suit, and deals with a matter presented in that underlying suit." *Daniels v. Dumsdorff*, No. 19-cv-00394, 2019 WL 3322344, at *1 (S.D. Ill. July 24, 2019) (quoting *Hallows v. Madison Cty. Jail,* No. 18-cv-881-JPG, 2018 WL 2118082, at *6 (S.D. Ill. May 8, 2018) (internal citations omitted)). *See also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Bird v. Barr,* 19-cv-1581 (KBJ), 2020 WL 4219784, at *2 (D.C. Cir. July 23, 2020) (noting that a court "only possesses the power to afford preliminary injunctive relief that is related to the claims at issue in the litigation"). Here, Plaintiff seeks relief that does not pertain to the violations alleged in this case, which occurred while Plaintiff was at Menard Correctional Center in 2022, and the Court does not have jurisdiction to compel or enjoin the conduct of individual staff members at Lawrence Correctional Center, as they are not parties to this case. A motion seeking injunctive relief is not a proper avenue to pursue additional claims and add defendants. Finally, it does not appear that Plaintiff has used the proper internal procedures within the institution in order to acquire his legal documents prior to filing his motion. Accordingly, the Court will not compel Lawrence Correctional Center to provide Plaintiff his legal documents at this time. The Court will, however, extend the deadlines to give Plaintiff time to request his legal documents through his counselor, grievance procedure, or as otherwise directed by correctional staff. Plaintiff shall have until **March 31, 2025,** to file a response in opposition to the motion for summary judgment and to file a motion to substitute a specific defendant for the John Doe. Failure to file a motion to substitute the John Doe by this date will result in the dismissal of the John Doe without prejudice

The Court also will not assign counsel to represent Plaintiff in this case at this time.

Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." When faced with a motion for recruitment of counsel the Court applies a two part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007).

As the Court previously explained, *see* Doc. 18, Plaintiff has not met his threshold burden of demonstrating that he has made reasonable efforts to secure his own lawyer prior to seeking assistance from the Court. Should Plaintiff choose to move for recruitment of counsel at a later date, the Court directs Plaintiff to include in the motion the names and address of at least three attorneys he has contacted and provide evidence of his efforts, such as the letters from the attorneys who declined representation or copies of his payment vouchers for postage.

The Court also finds that Plaintiff is capable of representing himself at this time and has the ability to file a motion to substitute the John Doe Defendant and file a response to the motion for summary judgment on the issue of exhaustion. Whether Plaintiff properly utilized the administrative grievance process at Menard Correctional Center prior to initiating this lawsuit is usually a straight-forward argument that does not require the need for counsel or extensive legal research. The issue of exhaustion hinges on facts available to Plaintiff, specifically, if and when he filed grievances and appeals for his claims. Although he no longer has the assistance of an inmate at Menard Correctional Center, Plaintiff's recent motions demonstrate that he can read and write English and is able to clearly communicate with the Court. Thus, the request for recruitment of counsel is denied.

On February 28, 2025, Plaintiff filed a second motion titled "Status Review/Document Request." (Doc. 40). This motion is also **DENIED**. (Doc. 40). Plaintiff asks the Court to provide him copies of Documents 1-38 in this case. As a courtesy, the Clerk of Court is **DIRECTED** to

send Plaintiff a copy of the docket sheet. The District Clerk will mail paper copies of any document to Plaintiff only after receiving prepayment of the required fee (i.e., $.50 per page). A request for documents should be made in writing to the Clerk of Court by referring to the case number and the document number and submitting the required prepayment.

**IT IS SO ORDERED.**

**DATED: March 3, 2025**

                                                                 *s/Stephen P. McGlynn*
                                                             **STEPHEN P. MCGLYNN**
                                                             **United States District Judge**