IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN LUNDY,<br><br>                Plaintiff,<br><br>v.<br><br>ILLINOIS DEPARTMENT OF<br>CORRECTIONS, *et al.*,<br><br>                Defendants. | Case No. 23-cv-03809-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

      This matter is before the Court for case management purposes. Plaintiff has repeatedly made claims that discovery regarding John Doe identification has not been produced and that he is being denied access to his legal documents by staff at Lawrence Correctional Center. (Doc. 32. 36, 39, 40, 43, 44, 47, 49). On March 28, 2025, the Court directed Defense Counsel to coordinate with the litigation coordinator at Lawrence Correctional Center to ensure that Plaintiff receives a copy of the motion for summary judgment on the issue of exhaust and has access to his legal documents so that he can respond to the motion for summary judgment and identify the John Doe Defendant. (Doc. 50).

      Defense Counsel has filed a notice in compliance with the Court's Order informing the Court that (1) Doc. 37, which identifies four individuals who worked as a "placement officers" from March 3-18, 2022; and (2) Doc. 33, the motion for summary judgment on the issue of exhaustion, have been resent to Plaintiff. (Doc. 52). Defense Counsel also has been in contact with the litigation coordinator at Lawrence Correctional Center, who reported that the documents were

hand delivered to Plaintiff. The litigation coordinator confirmed that Plaintiff was given access to his legal documents on April 1, 2025. Based on these assertions, the Court finds that Defense Counsel has complied with the Court's Order, and no further action is deemed necessary at this time.

The same day the Court directed Defense Counsel to coordinate with the litigation coordinator and ensure Plaintiff was being granted access to his legal documents, Plaintiff filed another motion to compel seeking the Court to compel production of additional discovery aimed at identifying the John Doe Defendant. (Doc. 51). On April 11, 2025, Plaintiff filed a motion to substitute naming four individuals as the "John Doe Defendants." (Doc. 53). In light of the subsequent motion to substitute, the motion to compel is **DENIED as moot.** (Doc. 51).

The motion to substitute is also **DENIED**. (Doc. 53). Plaintiff is proceeding in this action against a *single* John Doe Defendant, currently identified on the docket as John Doe 1, placement officer from 3/3/22-3/18/22. In the Complaint, Plaintiff alleges that he wrote to Defendants Klump, Lawrence, Wills, and "the placement officer (John Doe) letting them all know that he had a medical permit…" (Doc. 1, p. 15). He also asserts that his medical permit was not being honored by the "placement officer (John Doe.)" (*Id.* at p. 19). Plaintiff seeks to substitute the single John Doe Defendant, however, with the names of four different individuals. Plaintiff must identify the John Doe Defendant named the Complaint and substitute that person with the name of one individual. Plaintiff cannot add parties through a motion to substitute. For these reasons, the motion to substitute is denied without prejudice.

The deadline to respond in opposition to the motion for summary judgment on the issue of exhaustion and identify the John Doe Defendant remains **May 5, 2025.** (*See* Doc. 45, 50). As Plaintiff has been warned, failure to file a motion to substitute by this date will result in the

dismissal of the John Doe without prejudice.

**IT IS SO ORDERED.**

**DATED:   April 14, 2025**

*s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**
