IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN LUNDY,<br><br>                      **Plaintiff,**<br><br>v.<br><br>ILLINOIS DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>                      **Defendants.** | Case No. 23-cv-03809-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

      Plaintiff Kevin Lundy, an inmate of the Illinois Department of Corrections (IDOC), initiated this action pursuant to 42 U.S.C. § 1983 for violations of the American with Disabilities Act and his constitutional rights. In the Complaint (Doc. 1), Plaintiff alleges that while at Menard Correctional Center, on March 3, 2022, he was issued a medical permit directing that he be housed in a cell located on a lower gallery and assigned to a bottom bunk bed. Despite his medical permit, Plaintiff was placed in a cell where the only available bed was the top bunk bed, and he was forced to take three flights of stairs to use the showers. On two separate occasions he fell from the top bunk bed injuring his back, shoulders, head, and feet. Plaintiff wrote letters and spoke to Defendants about his housing situation, but they did not move him. Eventually, around March 18, 2022, Plaintiff was moved to a cell on a low gallery with a low bunk bed. Following a merit review of the Complaint pursuant to 28 U.S.C. § 1915A, Plaintiff is currently proceeding on the following claims:

    **Count 1:**    Eighth Amendment deliberate indifference claim to a serious medical need against John Doe, Lawrence, Klump, Wills, Tourville, Snell, and McCaleb for failing to honor Plaintiff's medical permit

> and assign Plaintiff to a cell on a low gallery with a low bunk bed in March 2022.
>
> **Count 2:**  ADA and RA claim against IDOC for not accommodating Plaintiff's physical disabilities by failing to house him in a cell on a low gallery with a low bunk bed in March 2022.

(Doc. 11). This matter is before the Court on a motion for summary judgment on the issue of exhaustion filed by Defendants Wills, Klump, McCaleb, Lawrence, Snell, Tourville, and IDOC.[1] (Doc. 33). Plaintiff has filed response in opposition. (Doc. 58).

As a preliminary matter, the Court denies Defendants' Motion to Strike seeking to strike Plaintiff's response to their motion for summary judgment. (Doc. 59). Defendants argue that Plaintiff's response was not filed in compliance with Local Rule 56.1. They contend that Plaintiff failed to specify whether he deems each fact in Defendants' Statement of Material Facts as admitted or disputed, *see* SDIL-LR 56.1(b), and that he did not cite to the record to support his statement of facts, *see* SDIL-LR 56.1(f). Defendants also point out that Plaintiff's response was due Monday, February 3, 2025, and he did not file a motion seeking additional time to file his response until February 5, 2025. (*See* Doc. 36).

First, the motion for extension of time was timely filed, as it is signed January 26, 2025, and postmarked February 3, 2025. See *Taylor v. Brown*, 787 F. 3d 851, 858 (7th Cir. 2015) (discussing the prison mailbox rule). Second, while Local Rule 56.1(h) grants the Court the

---

[1] In the motion, Defendants list Hughes as a defendant in her official capacity as Acting Director of the Illinois Department of Corrections in lieu of the Illinois Department of Corrections. (Doc. 33). The Court notes that Plaintiff is bringing his ADA/RA claim against the Illinois Department of Corrections itself (Doc. 11, p. 5), Hughes is not listed as a defendant on the docket, and no motion has been made to modify the merit review order or the docket. Defendants are reminded that the proper defendant for an ADA/RA claim is the agency *or* its director in his official capacity. *See Jaros v. Ill. Dept. of Corr.,* 684 F. 3d 667, 670 n. 2 (7th Cir. 2012) (altering the case caption to reinstate the Illinois Department of Corrections as a defendant and remanding the plaintiff's claims under the RA); 42 U.S.C. §12131(1); *Flournoy v. Wexford Health Sources, Inc.,* No. 24-1465, 2025 WL 1122046, at *2 (7th Cir. 2024) ("the ADA and Rehabilitation Act mandate that the appropriate defendant in a suit under these laws is the pertinent state department or agency") (citations omitted). Defendants should refrain from referring to individuals in their filings who are not parties listed on the docket.

discretion to strike a response for noncompliance, the Court will not exercise that discretion here. Defendants' Rule 56 Notice informs Plaintiff of the consequences of (1) not addressing facts asserted by Defendants; and (2) failing to support his own assertions of fact by citing to the record. (Doc. 34, p. 2) (quoting FED. R. CIV. P. 56(e)). The Rule 56 Notice warns Plaintiff that Defendants' assertions will be taken as undisputed unless he contradicts the assertions with documentary evidence and that he must likewise support his claims with documentary evidence. (*Id.*). Furthermore, Plaintiff was advised that failure to properly support assertions of fact or address Defendants' assertions of fact could result in the Court granting the Defendants' motion for summary judgment if "the motion and supporting materials…show the [Defendants are] entitled to it." (*Id.*) (quoting FED. R. CIV. P. 56(e)(e)(3)). The Rule 56 Notice does not, however, inform Plaintiff of the additional formatting requirements for responding to Defendants' Statement of Material Facts as laid out in the Local Rule 56.1(b) and that failure to address each paragraph in Defendants' Statement of Material Facts could result in Plaintiff's response being stricken. The only citation to the Local Rules in the Rule 56 Notice is to Local Rule 7.1(c)(1) instructing Plaintiff that failure to file a response within the deadline "may, in the Court's discretion, be considered an admission of the merits of the motion." This provision no longer exists.

Because Federal Rules of Civil Procedure provides sufficient consequences for a party's failure to properly support or address facts during the summary judgment phase, and there is no indication that Plaintiff was aware of Local Rule 56.1, the Court sees no reason to strike the response. The Motion to Strike is **DENIED**. (Doc. 59).

LEGAL STANDARDS

*I. Summary Judgment*

Summary judgment is proper only if the moving party can demonstrate "that there is no

genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." See FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In determining a summary judgment motion, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

## II. Exhaustion of Administrative Remedies

Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a). The PLRA states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id*. The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry,* 286 F. 3d 1022, 1025 (7th Cir. 2002). Furthermore, exhaustion of available administrative remedies must occur before the suit is filed. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).

## III. Grievance Procedures

As an inmate in the custody of IDOC, Plaintiff was required to follow the grievance procedure laid out in the Illinois Administrative Code ("grievance procedures"). 20 ILL. ADMIN. CODE § 504.800, *et seq*. The grievance procedures direct an inmate is to file a grievance first with the Counselor within 60 days of the discovery of an incident. See 20 ILL. ADMIN. CODE § 504.810(a). The grievance form must:

> [C]ontain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the

subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

20 ILL. ADMIN. CODE § 504.810(c). Grievances that are unable to be resolved through routine channels are then sent to a Grievance Officer. *See* 20 ILL. ADMIN. CODE § 504.820(a). The Grievance Officer will review the grievance and provide a written response to the inmate. *See* 20 ILL. ADMIN. CODE § 504.830(a). The Grievance Officer must submit his findings to the Chief Administrative Officer (CAO) within two months after receiving the grievance. 20 ILL. ADMIN. CODE § 504.830(e). The CAO then reviews the findings and recommendation of the Grievance Officer and issues a written decision to the inmate. *Id.* If the inmate is not satisfied with the response, he can file an appeal with the Administrative Review Board (ARB). *See* 20 ILL. ADMIN. CODE § 504.850(a). The ARB must receive the appeal within 30 days after the date of the decision by the CAO, and copies of "the Grievance Officer's report and the Chief Administrative Officer's decision should be attached." *Id.* Only after a grievance is reviewed by the ARB is it deemed exhausted. *See Pozo*, 286 F.3d at 1023–24.

## ANALYSIS

The only grievance that the Court needs to address is Grievance #214-5-22, dated May 17, 2022. (Doc. 33-2, p. 4). Defendants argue that this grievance cannot serve to exhaust Plaintiff's claims against them because it was not received by Plaintiff's counselor until May 20, 2022, sixty-six days after Plaintiff fell from his bunk bed the second and final time on March 17, 2022. (Doc. 33, p. 11-12; Doc. 1, p. 20; Doc. 33-2, p. 5). Because Grievance #214-5-22 was submitted outside the 60-day timeframe as established in the grievance procedures, Defendants contend that the grievance was procedurally defective.

Plaintiff counters that Grievance #214-5-22 was placed in the grievance box on May 17,

2022, and therefore timely submitted by the 60-day deadline. (Doc. 58, p. 1). He states he had no control over when the counselor receives the grievance once he has submitted it. (*Id.*).

The Court does not agree that Grievance #214-5-22 must be disregarded as procedurally defective because it was untimely filed. Although ARB ultimately denied the grievance because it was "[n]ot submitted in the [60-day] timeframe outlined in Department Rule 504," at the institutional level, the prison officials ruled on the merits of the grievance. (Doc. 33-2, p. 2-6). While the prison administration can refuse to hear a grievance if the inmate fails to properly utilize the grievance process, *see Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006), IDOC officials can excuse a prisoner's non-compliance and review the grievance on the merits – as they did here. *See Riccardo v. Rausch,* 375 F.3d 521, 523–24 (7th Cir. 2004) (noting that an IDOC prisoner's grievance was untimely, but that IDOC officials nonetheless resolved the grievance on its merits). Additionally, this Court and others continue to find that "when officials at the correctional facility address a grievance on the merits, the ARB cannot 'later examine the grievance on procedural grounds to cure the error.'" *Walls v. Nalewjka,* No. 21-cv-01369-SPM, 2023 WL 6147525, at *4 (S.D. Ill. Sept. 20, 2023) (quoting *Kane v. Santos*, No. 17-cv-01054, 2020 WL 967878, at *4 (S.D. Ill. Feb. 28, 2020)). *See also Exum v. Myers,* No. 23-cv- 01994-SPM, 2025 WL 486176, at *3 (S.D. Ill. Feb. 13, 2025). The grievance was rejected on the merits by the counselor, grievance officer, and chief administrative officer, therefore, "it was improper for the ARB to later deny the grievance for" untimeliness. *Walker v. Wexford Heath Sources, Inc.,* No. 24-CV-1140-MAB, 2025 WL 2418444, at *6 (S.D. Ill. Aug. 21, 2025) (citation omitted). The Court finds Grievance #214-5-22 was fully exhausted and will not deem it procedurally defective.

The Court also rejects Defendants' argument that Grievance #214-5-22 contains insufficient details to meet the requirements of 20 Ill. Admin. Code §504.810(b) and is defectively

vague. (Doc. 33, p. 12). The fact that Plaintiff did not name or describe each Defendant, specifically Lawrence, Klump, Wills, McCaleb, and IDOC, is not "fatal to the issue of exhaustion." See *Arce v. Wexford Health Services*, No. 18-cv-1348-SMY-GCS, 2019 WL 6702692, at *5 (S.D. Ill. Oct. 9, 2019). Inmates are only required to identify individuals to the extent necessary to serve a grievance's function of giving "prison officials a fair opportunity to address [the prisoner's] complaints." *Maddox v. Love*, 655 F. 3d 709, 722 (7th Cir. 2011)). Grievance #214-5-22 meets this purpose. The grievance sufficiently describes Plaintiff's complaints in this case. In Greivance #214-5-22, Plaintiff states that despite his medical permit, he was housed in a cell with an individual who also had a low bunk permit and was forced to sleep on the top bunk bed. (Doc. 33-2, p. 4). He grieves that he injured himself trying to climb down from the bed. Plaintiff asserts that he "begged" for assistance from his gallery correctional officer, the sergeant, "Lt. Snell all the way up to Major Tourville," but he kept "getting the run around." (*Id.* at p. 5). After threatening to engage in a hunger strike, Plaintiff states that he was finally moved to a cell that would accommodate his medical permit. (*Id.*). When submitting a grievance, Plaintiff is not expected to know who exactly could be held legally liable for his housing placement and who could be named later in a lawsuit. "[T]he grievance process is not intended to provide individual notice to each defendant who might be sued later." *Anderson v. Siddiqui,* No. 22-cv-00221-SPM, 2024 WL 3887594, at *4 (S.D. Ill. Aug. 21, 2024) (citing *Jones v. Bock*, 549 U.S. 199, 219 (2007)). Based on the details Plaintiff provided in Grievance #214-5-22, prison officials were able to investigate Plaintiff's complaints that his medical permit was not honored and resulted in physical harm. (*See* Doc. 33-2, p. 6). The grievance also implicates the involvement of various staff members, even though they are not all identified by name. Thus, the grievance successfully serves to exhaust Plaintiff's claims against Lawrence, Klump, Wills, Tourville, Snell, McCaleb, and IDOC. The

motions for summary judgment is denied.

## DISPOSITION

For the reasons provided, the Motion for Summary Judgment for on the Issue of Exhaustion of Administrative Remedies filed by Defendants Wills, Lump, McCaleb, Lawrence, Snell, Tourville, and IDOC is **DENIED.** (Doc. 33). The Motion to Strike filed by Defendants Wills, Lump, McCaleb, Lawrence, Snell, Tourville, and IDOC is **DENIED**. (Doc. 59).

Discovery on the merits shall remained stayed until the issue of identifying and serving the John Doe Defendant is resolved.

**IT IS SO ORDERED.**

**DATED: September 3, 2025**

_s/Stephen P. McGlynn_
**STEPHEN P. MCGLYNN**
**United States District Judge**
