IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEVIN LUNDY,

        Plaintiff,

v.

ILLINOIS DEPARTMENT OF
CORRECTIONS, *et al.*,

        Defendants.

Case No. 23-cv-03809-SPM

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on various motions filed by pro se Plaintiff Kevin Lundy.

### I.      Motions for Recruitment of Counsel (Doc. 55, 63) – Plaintiff

Plaintiff has filed a fifth and sixth motion seeking court recruited counsel. (Docs. 55, 63; *see also* Doc. 7, 8, 16, 18, 28, 30, 39, 41). There is no right to the appointment of counsel in civil matters, but the Court "has discretion under 28 U.S.C. §1915(e)(1) to request counsel for an indigent litigant. *Romanelli v. Suliene,* 615 F.3d 847, 851 (7th Cir. 2010). When confronted with a motion for the recruitment of pro bono counsel, the Court must consider (1) whether the indigent plaintiff has made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) whether, given the difficulty of the case, the plaintiff appears competent to litigate it himself. *Pruitt v. Mote, 503* F.3d 647, 654–55 (7th Cir. 2007) (citing *Farmer v. Haa*s, 990 F.2d 319, 321–22 (7th Cir. 1993)). In conducting its analysis, the Court must also be a good steward of the limited resources that are available because attorney resources in the Southern District of Illinois are low relative to the hundreds of prisoner cases filed each year. *See e.g., McCaa v. Hamilton*, 959 F.3d 842, 845 (7th Cir. 2020) (a judge may use available information from the

Page 1 of 5

pleadings and the judge's experience to assess the importance and potential merits of a case when considering appointed counsel). It is with these factors in mind that the Court will deny the Motions for counsel.

Plaintiff discloses three unsuccessful efforts to contact attorneys via written correspondence and provided declination letters from the three law firms. (Doc. 63, p. 3-6). Accordingly, he appears to have made reasonable efforts to retain counsel on his own.

With respect to his ability to pursue this action pro se, Plaintiff indicates that he would benefit from counsel because he has no legal education, he has limited knowledge of the law, he only possesses a GED level of education, and he has a learning disability (ADHD) that makes it difficult for him to concentrate and focus. (Doc. 55, p. 2-3). He also expresses concern about the complexity of the case because it involves medical issues that may require expert testimony, and he is currently in segregation with limited access to the law library. (*Id.*).

Despite these obstacles, the Court finds that Plaintiff is capable of proceeding pro se, and court recruited counsel is not warranted. Plaintiff continues to be a zealous advocate for himself. This case has not even entered merits discovery, and Plaintiff has filed over fifteen motions and successfully defended against a motion for summary judgment on exhaustion. He consistently communicates with the Court and seeks deadline extensions and further instructions and updates as needed. While he may have little to no knowledge regarding the federal civil legal system and his ADHD may impact his ability to concentrate, his numerous and detailed filings, which cite to case law and provide relevant supporting exhibits, demonstrate that the hinderances caused by his education level and ADHD are minimal. Additionally, to the extent Plaintiff claims that as of April 2025 he is in segregation with limited law library access, the Court presumes that he will not be in segregation indefinitely. And as Plaintiff well knows, he may request extensions of deadlines as needed if he is unable to access the law library in a timely manner.

Finally, although this case involves medical indifference, the Court finds that Plaintiff's claims are not too complex for his abilities. Plaintiff alleges that he was issued a low bunk and low gallery medical permit by a nurse practitioner at Menard Correctional Center, but that non-medical staff failed to honor the permit for two weeks in March 2022, resulting in Plaintiff falling twice from the top bunk injuring himself. To succeed at summary judgment regarding an Eighth Amendment claim for deliberate indifference to a serious medical condition, Plaintiff must put forth evidence demonstrating "(1) that he suffered from an objectively serious medical condition; and (2) that the individual defendant was deliberately indifferent to that condition." *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010). "District courts frequently assume that a plaintiff satisfies the first element – a serious medical condition – when assessing inadequate medical care claims based on a prisoner's low gallery permit." *Salley v. Parker,* 2022 WL 2952818, at *8 (N.D. Ill. July 26, 2022) (collecting cases). Thus, this case will most likely focus on Defendants' subjective state of mind, whether they knew of and disregarded a substantial risk of harm to Plaintiff's health. Establishing Defendants' state of mind will be "straightforward" and, given the alleged facts of the case, can be done without the need of a medical expert or complex discovery. *See Olson v. Morgan,* 750 F. 3d 708, 711-712 (7th Cir. 2014); *Walker v. Price,* 900 F.3d 933, 940 (7th Cir. 2018) (finding that a case in which the main argument was whether "prison officers refused to respond to [the plaintiff's] requests for medical care, not that the care he received was substandard…is not categorically beyond the capacity of a pro se plaintiff"). It is for these reasons that the Court finds that the case at this point still does not exceed Plaintiff capabilities, and the Court will not expend the resources of volunteer counsel to assist. The Motions for Recruitment of Counsel are **DENIED**. (Doc. 55, 63).

In light of this Order, the Motion for Status on the pending Motions for Recruitment of Counsel is **DEEMED moot**. (Doc. 64).

II.     **Motion for Extension of Time and Motion to Substitute (Docs. 56, 57) – Plaintiff**

An unknown defendant remains unidentified in this case. John Doe 1 is described in the Complaint as the "placement officer from 3/3/22-3/18/22." (Doc. 1, p. 2). Plaintiff was originally given the deadline of December 2, 2024, to identify John Doe 1 and file a motion to substitute. (Doc. 27). After several extensions of the deadline (Docs. 31, 35, 41, 45), Plaintiff filed a motion to substitute on April 11, 2025. (Doc. 53). The motion was denied because Plaintiff sought to substitute the single John Doe Defendant with four different names. (Doc. 54). Plaintiff was then given until May 5, 2025, to file a motion to substitute. The Court instructed Plaintiff that he must identify the John Doe Defendant named in the Complaint and substitute that person with the name of one individual.

On April 29, 2025, Plaintiff filed a Motion seeking an extension of time for leave to file an amended complaint so that he may add additional John Doe Placement Officers. (Doc. 56). Plaintiff states that when he drafted the Complaint, he was not aware the John Doe Placement Officer could potentially be four different people. Because he described the John Doe as the placement officer who worked from March 3, 2022, through March 18, 2022, he states he does not understand how the description does "not cover whoever worked those days." (*Id.* at p. 1). Plaintiff explains that he has not attached a proposed amended complaint formally substituting the John Does because he still has not received a copy of his original Complaint following his transfer from Menard Correctional Center to Lawrence Correctional Center to assist him in drafting a proposed amended complaint. He asserts that if he was allowed to amend, he would only be adding the four individuals who have been identified as "Count Officers from March 3, 2022, through March 18, 2022" as defendants (*See* Doc. 37, p. 2).

After filing his Motion for Extension of Time, Plaintiff filed a Motion to Substitute naming Janell Stanely as the John Doe Defendant. (Doc. 57). The Motion to Substitute is **GRANTED**.

Page 4 of 5

(Doc. 57). Janell Stanely is **SUBSTITUTED** for John Doe 1. The Clerk of Court is **DIRECTED** to **SERVE** Janell Stanely in accordance with the Court's Merits Review Order (Doc. 11). Because Plaintiff has moved to substitute the John Doe Defendant with a single individual, it appears that the Motion for Extension of Time in order to file an amended complaint is no longer needed and is therefore **DEEMED moot**. (Doc. 56).

**IT IS SO ORDERED.**

**DATED:   March 25, 2026**

_s/Stephen P. McGlynn_
**STEPHEN P. MCGLYNN**
**United States District Judge**